JUDGE RAMOS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MACSTEEL INTERNATIONAL USA CORP.

         Plaintiff,

15 CV 1940

15 Civ.    (    )

-against-

**VERIFIED COMPLAINT**

M/V JOSCO FUZHOU, her engines, boilers,
etc. *in rem*, CHIZHOU SHIPPING HK CO. LTD.,
and SUNTIME AMERICA INC.,

         Defendants

MAR 12 2015

------------------------------------------------------------X

      Plaintiff, MACSTEEL INTERNATIONAL USA CORP., (hereinafter "Plaintiff") by and through its attorneys, NICOLETTI HORNIG & SWEENEY, as and for its Verified Complaint against the Defendants, M/V "JOSCO FUZHOU", her engines, tackle, boilers, etc. *in rem* (hereinafter "the Vessel"), CHIZHOU SHIPPING HK CO. LTD., and SUNTIME AMERICA INC., (hereinafter "Defendants") alleges, upon information and belief, as follows:

      **FIRST**:    All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

      **SECOND**:    At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal office and place of business stated in Schedule A, hereto annexed, and by this reference made a part hereof.

      **THIRD**:    At and during all the times hereinafter mentioned, Defendants had and now have the legal status and office and place of business stated in Schedule "A", and were and now are engaged in business as common carriers of merchandise by water for hire, and

owned, operated, managed, chartered and/or otherwise controlled the M.V. JOSCO FUZHOU named as common carriers of merchandise by water for hire.

**FOURTH**: At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**FIFTH**: On or about the dates and the ports of shipments stated in Schedule "A", there were shipped by the shippers therein named and delivered to Defendants and the said vessel, as a common carrier, the shipments described in Schedule "A" then being in good order and condition, and Defendants and the said vessel then and there accepted said shipments so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the ports of destination stated in Schedule "A", and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule "A".

**SIXTH**: Thereafter, the said vessel arrived at the port of destination, where they and Defendants made delivery of the shipments, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matters and things stated in Schedule "A", all in violation of Defendants' and the said vessels' obligations and duties as common carriers of merchandise by water for hire.

**SEVENTH**: Plaintiff is the duly subrogated insurer of the consignee and owner of the shipments described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the

said shipments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**EIGHTH**: By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of US $129,012.60.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District as shall be described in Schedule "A", be attached in the sum of US $129,012.60, interest thereon and costs, the sum sued for in this Complaint;

3. That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages together with interest and costs and the disbursements of this action;

4. That process is due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against the M.V. JOSCO FUZHOU, their engines, boilers, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefore; and

5. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       March 13, 2015

                NICOLETTI HORNIG & SWEENEY
                Attorneys for Plaintiff

By: _____
                James F. Sweeney
                Cali L. Eckler
                Wall Street Plaza
                88 Pine Street, Seventh Floor
                New York, New York, 10005
                Telephone: (212) 220-3830
                (File No.: 12000172 JFS/CE)

## SCHEDULE A

**Plaintiff's Legal Status and**
**Office and Place of Business:**

Plaintiff, MacSteel International USA Corp., was and now is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with an office and place of business at 333 Westchester Avenue, White Plains, NY 10604.

**Defendants' Legal Status and**
**Office and Place of Business:**

Defendant, Chizhou Shipping HK Co. Ltd., was and now is a corporation or other business entity organized and existing under and by the virtue of foreign law, with an office and place of business located at c/o Jiangsu Ocean Shipping Co. Ltd. (JOSCO) 185 Hunan Lu, Gulou Qu, Nanjing, Jiangsu 210009, China.

Defendant, Suntime America Inc., was and now is a corporation or other business entity organized and existing under and by the virtue of foreign law, with an office and place of business located at 26 Manhattan Place, Cliffside Park, NJ 07010-1062.

| | |
|---|---|
| Date of Shipment: | September 15, 2014 |
| Port of Shipment: | Bayuquan Port, China |
| Ports of Discharge: | Houston, Texas and New Orleans, Louisiana |
| Shipper: | Benxi Beiying Iron and Steel Group Imp. and Exp. Corp. Ltd. |
| Consignee: | To Order |
| Shipment: | Wire-Rod Steel Coils |
| Nature: | Physical Damage |
| Amount: | US $129,012.60 |
| NH&S File: | 12000172 JFS/CE |

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     : S.S.:
COUNTY OF NEW YORK   )

1. My name is James F. Sweeney.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a member of the firm of Nicoletti Hornig & Sweeney, attorneys for Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason this Verification is being made by the deponent and not by the Plaintiff is that Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents and information received from the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: New York, New York
       March 13, 2015

_____
JAMES F. SWEENEY